FILED

ORDERED PUBLISHED

APR 15 2008

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-07-1367-MoCK |
| SHANEL STASZ, | Bk. No. LA 05-43980 AA |
| Debtor. | |
| SHANEL STASZ, | |
| Appellant, | |
| v. | O P I N I O N |
| ROSENDO GONZALEZ, Chapter 7 Trustee, | |
| Appellee. | |

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Harold S. Marenus, Clerk

Deputy Clerk — Vincent J. Barbato
Date: 05/02/08

Submitted Without Oral Argument
on March 19, 2008

Filed - April 15, 2008

Appeal from the United States Bankruptcy Court
for the Central District of California

Hon. Alan M. Ahart, Bankruptcy Judge, Presiding.

Before: MONTALI, CASE[1] and KLEIN, Bankruptcy Judges.

RECEIVED

MAY - 6 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

---

[1] Hon. Charles G. Case, II, Bankruptcy Judge for the District of Arizona, sitting by designation.

MONTALI, Bankruptcy Judge:

In the matter before us we hold that an order of civil contempt issued in a contested matter within a main bankruptcy case, unlike in an adversary proceeding, is a final, appealable order. We publish this decision because it requires us to decide an issue of first impression in this circuit regarding the finality of this type of civil contempt order.

A Chapter 7 trustee obtained a bankruptcy court order requiring the debtor to appear at a Rule 2004[2] examination ("2004 examination") and produce documents to the trustee. The debtor repeatedly failed to appear for the 2004 examination and brought two motions before the court alleging that the 2004 examination and discovery requests were improper. Although the court denied the debtor's motions, she continued to evade the 2004 examination.

The trustee filed a motion to find the debtor in civil contempt, to order her to appear for the 2004 examination and produce documents, and to impose monetary sanctions on the debtor. The court granted the trustee's motion and awarded sanctions. The debtor appealed and we AFFIRM.

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23. All references to Local Rules are to the Local Bankruptcy Rules for the Central District of California.

# I. FACTS

1. <u>Order for Debtor to Appear at Rule 2004 Examination and Related Motions</u>

On February 5, 2007, the bankruptcy court entered an order (the "2004 Order") requiring Chapter 7 Debtor Shanel Stasz ("Debtor") to appear for an examination by Chapter 7 Trustee, Rosendo Gonzalez ("Trustee"), pursuant to Rule 2004.[3] Through the 2004 examination, Trustee sought information regarding $10,000 that Debtor received post-petition.

Debtor filed a Motion for Protective Order, arguing that she should not be required to appear for the 2004 examination or to produce documents because she had "submitted to the Trustee the source of the money as post-petition and received from the largest creditor in this matter, Hugo Quackenbush." She argued that the 2004 examination was improper because its purpose was not limited to the scope of Debtor's estate. Debtor's Motion for Protective Order was denied on March 21, 2007.

On March 22, 2007, Debtor called Trustee's counsel and requested that the 2004 examination scheduled for the next day be postponed because her car was "in the shop." Trustee's counsel agreed to reschedule the 2004 examination for March 28, 2007.

On March 27, 2007, Debtor informed Trustee's counsel that she would not be attending the 2004 examination because she was

---

[3]Rule 2004(a) provides that "On motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) limits the scope of the 2004 examination to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

3

1  ill and her car was still in the shop. She also told Trustee's
2  counsel that she had filed a Motion for Reconsideration of Order
3  Denying Protective Order.
4      Debtor's Motion for Reconsideration was denied on April 25,
5  2007. On April 26, 2007, Trustee's counsel noticed a new date
6  for the 2004 examination - May 3, 2007. Debtor did not attend
7  this 2004 examination or produce any documents to Trustee.
8
9  2.   Trustee's Motion to Find Debtor in Contempt
10      On June 11, 2007, Trustee filed a Motion to Find Debtor in
11  Civil Contempt for Willful Refusal to Comply with Court Order; to
12  Compel Production of Documents and Participation Pursuant to
13  Order for Rule 2004 Examination; Request for Sanctions ("the
14  Motion"). Debtor opposed the Motion.
15
16  3.   Continuance of the Contempt Motion
17      The Motion was originally set for hearing on July 11, 2007,
18  but was continued to September 12 to allow Debtor an additional
19  opportunity to produce documents by August 16 and to appear for a
20  2004 examination on August 20. On August 16 Debtor faxed a
21  notice of objections to the document request to Trustee's
22  counsel.[4] In response, Trustee's counsel postponed the upcoming
23  2004 examination. He requested that Debtor contact him within
24  ten days to meet and confer regarding her failure to produce

---

[4] All objections were identical: "The documents requested are objected to since they are outside of the scope of a 2004 Examination and as such are irrelevant to ascertaining the debtor's estate."

4

documents.

In the Supplemental Declaration of Trustee's Counsel in support of the Motion, Trustee's counsel stated that he had incurred more fees since the filing of the Motion, increasing the total fee request to $4,178.00. Debtor objected to Trustee's counsel's declaration on the grounds that he was ineligible to practice law beginning on August 16, 2007. Debtor also asserted that the deadline for preparing a discovery stipulation was September 4, not August 30.

4.  <u>September 12 Hearing on the Motion</u>

At the hearing, Debtor repeated her argument from the pleadings that Trustee's counsel was ineligible to practice law beginning on August 16, 2007. Trustee's counsel asked the court to "order [Debtor] one more time to produce the documents," to which the Court replied, "But she's already been ordered to do that, hasn't she?" Trustee's counsel responded that the Court had already ordered her to produce the documents.

The bankruptcy court granted the Motion and awarded sanctions for contempt in the amount of $3,278.50 by an order entered on September 24, 2007. Debtor timely appealed.

## II.  ISSUE

Did the bankruptcy court err in granting Trustee's contempt motion and ordering Debtor to pay sanctions to Trustee?

## III.  STANDARD OF REVIEW

We review a bankruptcy court's award of sanctions for civil

contempt under an abuse of discretion standard. See S&C Home Loans, Inc. v. Farr (In re Farr), 278 B.R. 171, 175 (9th Cir. BAP 2002); Miller v. Cardinale (In re Deville), 280 B.R. 483, 492 (9th Cir. BAP 2002), aff'd, 361 F.3d 539 (9th Cir. 2004). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Otherwise, to reverse for abuse of discretion we must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached. SEC v. Coldicutt, 258 F.3d 939, 941 (9th Cir. 2001).

## IV. JURISDICTION

Trustee argues that the order granting sanctions for civil contempt is not a final order. If the order is not final, then the panel lacks jurisdiction to hear this appeal absent leave to appeal an interlocutory order. See 28 U.S.C. § 158(a). We conclude that the order granting sanctions on a motion for an order of contempt made under Rule 9020 is final.

A final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Trustee bases his argument that the order lacks finality solely on Cunningham v. Hamilton County, Ohio, 527 U.S. 198 (1999). In Cunningham, the Supreme Court held that an order imposing sanctions against a non-party attorney for discovery violations under Federal Rule of Civil Procedure 37(a) was not a final order because it did not end the litigation. Cunningham, 527 U.S. at 210. In Markus v.

Gschwend (In re Markus), 313 F.3d 1146 (9th Cir. 2002), the Ninth Circuit applied Cunningham to an appeal of sanctions awarded by a bankruptcy court within an adversary proceeding. The Markus court found the sanctions order to be interlocutory and not appealable "until final judgment is entered." Markus, 313 F.3d at 1151.

The instant appeal differs significantly from an appeal of discovery sanctions that were awarded in general litigation or in an adversary proceeding in bankruptcy. The sanctions order here was issued in the main Chapter 7 case, rather than within an adversary proceeding. The order did not award sanctions for a discovery violation under Federal Rule of Civil Procedure 37, which is applicable to adversary proceedings in bankruptcy through Bankruptcy Rule 7037. Instead, the court awarded sanctions for civil contempt due to Debtor's failure to comply with the court's 2004 Order that Debtor appear at a 2004 examination and produce documents to Trustee's counsel before the 2004 examination. Thus, neither Cunningham nor Markus directly addresses the procedural context of the case at hand.

While civil contempt orders entered "during the course of a pending civil action" are not appealable until final judgment,[5] the Ninth Circuit has allowed immediate appeals of sanctions orders that dispose of the only issue before the court. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1145 (9th Cir. 1983) (order finding party in contempt of prior judgment is final);

---

[5] SEC v. Elmas Trading Corp., 824 F.2d 732, 732 (9th Cir. 1987).

7

Hilao v. Estate of Marcos, 103 F.3d 762, 764 (9th Cir. 1996) (post-judgment orders of contempt are final and appealable).

Rule 9020 provides that motions for contempt in bankruptcy cases are contested matters governed by Rule 9014.[6] In this case, the contested matter alleging Debtor's contempt was the only matter before the court. The order entered resolving a contested matter has the status of a judgment under Federal Rule of Civil Procedure 58. Fed. R. Civ. P. 58, incorporated by Fed. R. Bankr. P. 9021. It follows that the court's award of sanctions was a final order that ended the particular contested matter.

If the award of sanctions were not appealable now, it is unclear when the order would become final and appealable. Unlike an adversary proceeding or a civil action outside bankruptcy, the culmination of the bankruptcy case does not result in a final judgment.

Because the sanctions order stands alone and requires no

---

[6]Although some courts continue to require a party seeking an order of contempt to apply to the court for an Order to Show Cause Re Contempt, we note that Rule 9020 supersedes this procedure and renders it unnecessary. From 1987 until 2001, Rule 9020(b) provided in relevant part that "[c]ontempt committed in a case or proceeding pending before a bankruptcy judge ... may be determined by the bankruptcy judge only after a hearing on notice," and that "[t]he notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose." In 2001, Rule 9020 was amended to simply state that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Hence, a request for civil contempt is a contested matter and, as such, "relief should be requested by motion." Motions for contempt are ordinary contested matters and need not involve an application for an Order to Show Cause.

8

further action by the bankruptcy court, the order is a final order, and the panel has jurisdiction under 28 U.S.C. § 158.

## V. DISCUSSION

Bankruptcy courts have the power to impose civil contempt. See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284-85 (9th Cir. 1996); see also 11 U.S.C. § 105(a). In order to hold a debtor in contempt, the bankruptcy court must find that the debtor "violated a specific and definite order of the court." Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003). Because Debtor's conduct demonstrates her repeated refusal to comply with the court's clear order to appear for a 2004 examination, we cannot find that the bankruptcy court abused its discretion by holding Debtor in civil contempt and imposing sanctions on her.

The bankruptcy court's 2004 Order was a definite and specific order. It set forth the date, time, and place of the 2004 examination and stated that "IT IS ORDERED that [Debtor] appear for examination." Debtor does not allege that the 2004 Order contained any ambiguity.

More than six months elapsed between the issuance of the 2004 Order and the hearing on Trustee's Motion. The 2004 examination was scheduled and rescheduled for four different dates. Twice, Debtor communicated excuses for her unavailability to Trustee's counsel on the eve of the 2004 examination. Twice, Debtor petitioned the court to excuse her from appearing at the 2004 examination and from producing documents to Trustee's counsel. The court denied Debtor's Motion for Protective Order

and Motion for Reconsideration. Debtor claimed that she did not receive notice of Trustee's counsel's third attempt to hold a 2004 examination. Even if this contention were true, it does not excuse Debtor's subsequent noncompliance. Trustee's Motion was continued from the original July 11 date to allow Debtor the opportunity to produce documents and attend a 2004 examination in August. Debtor refused to provide the required documents and objected to the request on the date the documents were to be produced. Trustee's counsel cancelled the August 2004 examination after Debtor failed to produce documents.

In support of her appeal, Debtor argues that sanctions should not be awarded because Trustee's counsel was ineligible to practice law beginning on August 16, 2007, and because he allegedly failed to comply with Local Rules regarding discovery disputes. She also complains of alleged deficiencies in Trustee's Motion. We do not find Debtor's arguments persuasive.

First, Debtor's conduct during the time when Trustee's counsel was eligible to practice law provides sufficient grounds for holding Debtor in civil contempt. The sanctions awarded did not include attorney's fees incurred when Trustee's counsel was ineligible to practice law.[7] The sanctions awarded by the court were limited to attorney's fees for work performed prior to the filing of the Motion on June 11, 2007. Trustee's counsel submitted a supplemental declaration requesting additional attorney's fees for his continued attempts to conduct a 2004

---

[7]Trustee's counsel was temporarily suspended from practice for non-payment of his bar fees, not for misconduct.

examination after the filing of the Motion. The court did not include these additional fees in its sanctions award, but only awarded the original amount requested. In addition, the Motion was based on Debtor's conduct prior to June 11, 2007 - all of which occurred when Trustee's counsel was eligible to practice law. The majority of events that transpired between Debtor and Trustee's counsel occurred when Trustee's counsel was eligible to practice law.

Second, Debtor's contention that Trustee's counsel did not comply with Local Rule 9013-1(c), which pertains to discovery disputes, does not affect the award of sanctions. Local Rule 9013-1(c) provides that in the event of a dispute arising under Rule 2004, "counsel for the parties shall meet in person or by telephone in a good faith effort to resolve the discovery dispute" and that "[i]f counsel are unable to settle their differences, the party seeking discovery shall file and serve a notice of motion together with a written stipulation." Trustee's counsel attempted to meet and confer with Debtor, in accordance with Local Rule 9013-1(c)(1). Instead of contacting Trustee's counsel by telephone or arranging to meet him in person, as the rule requires, Debtor faxed Trustee's counsel a letter instructing him to prepare a stipulation, as described by Local Rule 9013-1(c)(2). Trustee's counsel prepared his portion of the stipulation and gave Debtor an opportunity to contribute to the stipulation. Debtor claimed that she was ill and unable to prepare her portion of the stipulation by August 30, 2007. Instead, she composed a letter objecting to the amount of time she was given to review the stipulation and to the format of the

stipulation, and faxed this letter on August 30.

Debtor seems to argue that Trustee's counsel bore the responsibility of complying with Local Rule 9013-1(c); he did not comply with the Local Rule; and therefore sanctions cannot be awarded against Debtor. Debtor's argument is unpersuasive for both factual and logical reasons. First, Trustee's counsel seems to have done all that he could to comply with the rule despite Debtor's lack of cooperation. Debtor did not meet and confer with Trustee's counsel, and she did not take part in preparing the discovery stipulation. Second, Debtor's attempt to shift blame onto Trustee's counsel does not excuse her blatant and persistent evasion of the court-ordered 2004 examination.

Third, Debtor's argument that the Motion cites inapplicable law and misquotes a Rule of Bankruptcy Procedure also lacks merit. The Motion cites the <u>Rainbow Magazine</u> decision which, although factually different from the case at hand, stands for the proposition that bankruptcy courts have the power to hold parties in civil contempt. Although the Motion quotes an obsolete version of Rule 9020, which was amended in 2001, Debtor presents nothing to suggest this inaccuracy affected the court's decision to impose sanctions.

None of the arguments presented by Debtor on appeal establish that the bankruptcy court applied an erroneous view of the law or clearly erroneous factual findings when making its decision to hold Debtor in contempt. We conclude that the court did not abuse its discretion to impose sanctions on Debtor.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the bankruptcy court's order granting the contempt Motion and awarding sanctions to Trustee.

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

## NOTICE OF ENTRY OF JUDGMENT

BAP No.: CC-07-1367-MoCK

RE:    SHANEL ANN STASZ

A separate Judgment was entered in this case on **04/15/2008**.

**BILL OF COSTS:**

> Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the Clerk of the Bankruptcy Court. Cost bills should be filed with the Clerk of the Bankruptcy Court from which the appeal was taken. 9th Cir. BAP Rule 8014-1

**ISSUANCE OF THE MANDATE:**

> The mandate, a certified copy of the judgment sent to the Clerk of the Bankruptcy Court from which the appeal was taken, will be issued 7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order. See Federal Rule of Appellate Procedure 41.

**APPEAL TO COURT OF APPEALS:**

> An appeal to the Ninth Circuit Court of Appeals is initiated by filing a notice of appeal with the Clerk of this Panel. The Notice of Appeal should be accompanied by payment of the $455 filing fee and a copy of the order or decision on appeal. Checks may be made payable to the U.S. Court of Appeals for the Ninth Circuit. See Federal Rules of Appellate Procedure 6 and the corresponding Rules of the United States Court of Appeals for the Ninth Circuit for specific time requirements.

# CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Vincent Barbato, Deputy Clerk

**Date:** April 15, 2008